JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jocelyn I. Sanchez
113 North Broad Street
Lancaster, PA 17602

**(b)** County of Residence of First Listed Plaintiff: **Lancaster County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Chad E. Rankin, Esquire, Rankin & Gregory, LLC 2173 Embassy Drive, Lancaster, PA 17603, Telephone: (717) 406-3216

## DEFENDANTS
Jack S. Moore, 347 Rosebud Run, Aylett, VA 23009-3141
Recycled Pallets, Inc., 7423 Johnsonville Way, Mechanicsville, VA 23111

County of Residence of First Listed Defendant: **King William County, VA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Motor vehicle accident causing injuries.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ In excess of $150,000.00.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 9-7-17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOCELYN I. SANCHEZ<br>113 N. Broad Street<br>Lancaster, PA 17602<br>    Plaintiff<br><br>v.<br><br>JACK S. MOORE<br>347 Rosebud Run<br>Aylett, VA 23009-3141<br>    Defendant<br><br>and<br><br>RECYCLED PALLETS, INC.<br>7423 Johnsonville Way,<br>Mechanicsville, VA 23111<br>    Defendant | CIVIL ACTION<br><br>NO. |

## COMPLAINT

Plaintiff, Jocelyn I. Sanchez, by and through her attorneys, RANKIN & GREGORY, LLC, does hereby file the instant Complaint upon the following cause:

## PARTIES

1. Plaintiff, Jocelyn I. Sanchez (hereinafter referred to as "SANCHEZ") is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 113 N. Broad Street, Lancaster, PA 17602.

2. Defendant, Jack S. Moore (hereinafter referred to as "MOORE") is an adult individual and citizen of the Commonwealth of Virginia, residing therein at 347 Rosebud Run, Aylett, VA 23009-3141.

3. At all times material hereto, MOORE acted and/or failed to act in his

1

individual capacity and by and through his duly authorized agents, servants, workmen and/or employees, who were acting within the course and scope of their employment(s) and/or authority(ies); the same direct, apparent, implied and/or ostensible, and by virtue of said agency, at all times material, MOORE is also vicariously liable for said acts and/or failure to act.

4. Recycled Pallets Inc. (hereinafter referred to as "RECYCLED PALLETS"), is a corporation, incorporated in the Commonwealth of Virginia, with its corporate headquarters located at 7423 Johnsonville Way, Mechanicsville, VA 23111.

5. At all times material hereto, RECYCLED PALLETS acted and/or failed to act in its corporate capacity and by and through its duly authorized agents, servants, workmen, employees, and/or contractors, who were acting within the course and scope of their employment(s) and/or authority(ies); said agency including, but not limited to actual, implied, apparent and/or ostensible agency; and by virtue of said agency; at all times material, RECYCLED PALLETS is also vicariously liable for the negligence and breach of duty(ies) of said agents, servants, workmen, employees, and/or contractors as more fully set forth herein.

## **JURISDICTION & VENUE**

6. Jurisdiction and venue are proper in the Eastern District of Pennsylvania since the parties are residents of different states, the amount in controversy is above $150,000.00, and the incident occurred within said district.

## **FACTS**

7. Paragraphs 1 through 6 of this instant Complaint are hereby incorporated as though the same were set forth at length herein.

8. On or about October 19, 2015, at approximately 11:50 p.m., SANCHEZ was operating a motor vehicle in a westerly direction on U.S. Route 30 in East Hempfield Township, Lancaster County, Pennsylvania.

9. On or about October 19, 2015, at approximately 11:50 p.m., MOORE was operating a loaded tractor trailer in an easterly direction on U.S. Route 30 in East Hempfield Township, Lancaster County, Pennsylvania, while in the course and scope of his employment with RECYCLED PALLETS.

10. At a location just west of the Running Pump Road overpass on U.S. Route 30 in East Hempfield Township, Lancaster County, Pennsylvania, MOORE suddenly and unexpectedly crashed through the metal guardrail that separated the east and west bound lanes of travel on U.S. Route 30, and entered the path of travel of SANCHEZ.

11. SANCHEZ swerved her vehicle to avoid being struck by the loaded tractor trailer operated by MOORE, but was unable to avoid being struck by a large piece of the guardrail through which MOORE crashed.

12. As a result of the abrupt evasive actions taken by SANCHEZ, and being struck by the large piece of the guardrail through which MOORE crashed, SANCHEZ sustained injuries, damages, and losses, as more fully set forth hereinafter.

<u>**COUNT I - NEGLIGENCE**</u>
<u>**JOCELYN I. SANCHEZ v. JACK S. MOORE**</u>

13. Paragraphs 1 through 12 of the instant Complaint are hereby incorporated as though the same were set forth at length herein.

14. The negligent and/or reckless conduct of MOORE was a factual cause of the injuries, damages and losses sustained by SANCHEZ, as more fully set forth hereinafter.

15. The negligence and recklessness of MOORE consisted of the following non-exclusive particulars:

    a. operating a commercial motor vehicle while his ability to drive, or alertness, was so impaired through fatigue as to make it unsafe for him to continue to operate the commercial motor vehicle in violation of 49 C.F.R. §392.3;

    b. violating the maximum driving time requirements for property-carrying vehicles in violation of 49 C.F.R. §395.3;

    c. failing to properly record his driver's duty status in violation of 49 C.F.R. §395.8;

    d. continuing to drive a loaded tractor trailer while sleepy;

    e. falling asleep while driving a loaded tractor trailer resulting in the tractor trailer crashing through a metal guardrail designed to separate east and west bound travel on U.S. Route 30 into the path of SANCHEZ;

    f. crashing through a metal guardrail designed to separate east and west bound travel on U.S. Route 30 into the path of SANCHEZ;

    g. failing to properly operate, maintain and/or control his loaded tractor trailer;

    h. failing to maintain a reasonable and/or adequate lookout in the operation of his loaded tractor trailer;

    i. operating his loaded tractor trailer at an unreasonable and/or unsafe rate of speed under the circumstances;

    j. failing to remain in his own lane of travel;

    k. failing to take reasonable actions to avoid the incident described in the instant Complaint;

    l. failing to reasonably maintain, inspect and/or otherwise provide for the safe operation of the loaded tractor trailer he was operating;

    m. operating a commercial motor vehicle in violation of the traffic laws of the Commonwealth of Pennsylvania in violation of 49 C.F.R. §392.2;

    n. operating his loaded tractor trailer in violation of the statutes of the Commonwealth of Pennsylvania governing the operation of motor

    vehicles, including but not limited to, those statutes encompassing the acts of negligence alleged herein, all of which render MOORE negligent *per se* including but not limited to, 75 Pa. C.S.A. §§3309, 3311, 3714, 3736 and 4107(b.1); and

  o. failure to exercise reasonable care under the circumstances alleged herein;

16. The negligent and/or reckless conduct of MOORE was a factual cause in SANCHEZ sustaining personal injuries and damages as a result of the October 19, 2015 incident, including, but not limited to, threatened preterm labor, sacroiliac joint dysfunction, sacroiliitis, greater trochanteric bursitis of the right hip, spondylosis, or the aggravation thereof, of the lumbosacral region, anxiety, aggravation of migraine headaches, and aggravation of seizure disorder/pseudo-seizures, some of which said injuries and/or damages are and/or maybe continuous and/or permanent in nature with additional concomitant injuries, damages and losses resulting therefrom.

17. The negligent and/or reckless conduct of MOORE was a factual cause in SANCHEZ suffering the following damages:

  a. past, present and future pain and suffering;

  b. past, present and future emotional suffering;

  c. past, present and future physical limitations and loss of use of the injured parts of her person;

  d. past, present and future loss and/or impairment of earnings, earnings benefits and/or earning capacity;

  e. past, present and future loss of the ability to carry out her customary and usual duties and activities;

  f. past, present and future medical expenses, to the extent authorized by law;

  g. past, present and future loss of daily enjoyment of life and life's pleasures;

  h. humiliation and embarrassment;

    i. additional injuries, damages and losses not yet determined given the ongoing nature of her symptoms and complaints.

WHEREFORE, Plaintiff, Jocelyn I. Sanchez, demands judgment against Defendant, Jack S. Moore, in an amount in excess of $150,000.00, together with punitive damages, interest, costs and additional relief as this Honorable Court deems appropriate.

### COUNT II- NEGLIGENCE
### JOCELYN I. SANCHEZ v. RECYCLED PALLETS INCORPORATED

18. Paragraphs 1 through 17 of the instant Complaint are hereby incorporated as though the same were set forth at length herein.

19. At all times material hereto, the negligent and/or reckless conduct of MOORE was a factual cause of the injuries, damages and losses sustained by SANCHEZ, as more fully set forth herein.

20. RECYCLED PALLETS owned the tractor trailer that was permissively driven by MOORE at the time of the October 19, 2015 incident described herein.

21. RECYCLED PALLETS is vicariously liable for the negligence and/or recklessness of its employee, MOORE, on the basis of *respondeat superior*, for the reasons set forth in paragraph 15 of the instant Complaint.

22. Additionally, RECYCLED PALLETS' own negligence and/or recklessness was a factual cause of the injuries, damages and losses sustained by SANCHEZ, as more fully set forth hereinafter.

23. The negligence and recklessness of RECYCLED PALLETS consisted of the following non-exclusive particulars:

    a. permitting MOORE to operate a commercial motor vehicle while his ability to drive, or alertness, was so impaired through fatigue as to make it unsafe for him to do so in violation of 49 C.F.R. §392.3;

    b.    permitting MOORE to violate the maximum driving time requirements for property-carrying vehicles in violation of 49 C.F.R. §395.3;

    c.    failing to have MOORE properly record his driver's duty status in violation of 49 C.F.R. §395.8;

    d.    failing to properly ascertain the competency of MOORE as a commercial motor vehicle operator before hiring him;

    e.    hiring MOORE;

    f.    failing to properly train MOORE in the safe operation of a commercial motor vehicle, especially with reference to driving while fatigued or sleepy;

    g.    failing to reasonably maintain, repair, inspect, and/or otherwise provide for the safe operation of the tractor trailer operated by MOORE under the circumstances;

    h.    negligently entrusting the tractor trailer operated by MOORE to him, when it knew or should have known and/or discovered that said entrustment was unreasonable and/or unsafe under the circumstances; and

    i.    failing to use reasonable care under the circumstances alleged herein.

24.    The negligent and/or reckless conduct of RECYCLED PALLETS was a factual cause in SANCHEZ sustaining personal injuries and damages as a result of the October 19, 2015 incident, including, but not limited to, threatened preterm labor, sacroiliac joint dysfunction, sacroiliitis, greater trochanteric bursitis of the right hip, spondylosis, or the aggravation thereof, of the lumbosacral region, anxiety, aggravation of migraine headaches, and aggravation of seizure disorder/pseudo-seizures, some of which said injuries and/or damages are and/or maybe continuous and/or permanent in nature with additional concomitant injuries, damages and losses resulting therefrom.

25.    The negligent and/or reckless conduct of RECYCLED PALLETS was a factual cause in SANCHEZ suffering the following damages:

    a.    past, present and future pain and suffering;

    b.    past, present and future emotional suffering;

    c.    past, present and future physical limitations and loss of use of the injured parts of her person;

    d.    past, present and future loss and/or impairment of earnings, earnings benefits and/or earning capacity;

    e.    past, present and future loss of the ability to carry out her customary and usual duties and activities;

    f.    past, present and future medical expenses, to the extent authorized by law;

    g.    past, present and future loss of daily enjoyment of life and life's pleasures;

    h.    humiliation and embarrassment;

    i.    additional injuries, damages and losses not yet determined given the ongoing nature of her symptoms and complaints.

WHEREFORE, Plaintiff, Jocelyn I. Sanchez, demands judgment against Defendant, Recycled Pallets Inc., in an amount in excess of $150,000.00, together with punitive damages, interest, costs and additional relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

RANKIN & GREGORY, LLC

Date: <u>September 7, 2017</u>    By: <u>/s/ Chad E. Rankin</u>
Chad E. Rankin, Esquire
Attorney I.D. # 87896
2173 Embassy Drive
Lancaster, PA  17603
Telephone: (717) 406-3216
Attorney for Plaintiff